UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICKY NELSON,

                Petitioner,                Case No. 1:16-cv-1455

v.                                                Honorable Robert J. Jonker

SHERMAN CAMPBELL,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Ricky Nelson presently is incarcerated at the Carson City Correctional Facility.  In 1999, a Kent County jury convicted Petitioner of premeditated first-degree murder, MICH. COMP. LAWS § 750.316a.  On March 4, 1999, the trial court sentenced Petitioner to mandatory life imprisonment.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising a number of issues not presented in this habeas petition.  In an unpublished opinion issued on May 26, 2000, the court of appeals rejected all appellate grounds and affirmed the conviction.  Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same grounds.  The supreme court denied leave to appeal on October 30, 2000.

On September 23, 2003, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising a number of claims of ineffective assistance of trial and appellate counsel.  The trial court denied the motion on December 31, 2003.  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on June 24, 2005 and December 27, 2005, respectively.

In June 2015, Petitioner filed a second motion for relief from judgment based on newly discovered evidence that his trial attorney had received a plea offer but failed to convey that offer to Petitioner.  Petitioner claimed ineffective assistance of trial counsel in not conveying the offer and ineffective assistance of appellate counsel in failing to discover and raise the error.  The trial court denied the motion on June 26, 2015.

Petitioner sought leave to appeal to the Michigan Court of Appeals. The court of appeals dismissed the appeal on October 21, 2015, for lack of jurisdiction, in accordance with MICH. CT. R. 6.502(G)(1) (barring an appeal from the denial of a second motion for relief from judgment). Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on September 29, 2015, because an appeal was prohibited by MICH. CT. R. 6.502(G).

Petitioner filed his application on or about December 16, 2016.[1] He raises two grounds for relief: (1) ineffective assistance of trial counsel in failing to convey the plea offer; and (2) ineffective assistance of appellate counsel in failing to discover trial counsel's failure to convey the plea offer.

### II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 16, 2016, and it was received by the Court on December 22, 2016. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### A.     Calculation under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 30, 2000. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*,

549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 29, 2001.

Petitioner had one year from January 29, 2001, or until January 29, 2002, in which to file his habeas application. Petitioner filed on December 16, 2016. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2002, his collateral motions filed in 2003 and 2015 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.

2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner implies that he should be entitled to equitable tolling because he did not discover the unconveyed plea offer until 2014, when he received a response to a letter he sent to the trial court. Even assuming that the belated discovery of a claim may serve as an extraordinary circumstance warranting equitably tolling the statute of limitations,[2] Petitioner has utterly failed even to allege that he exercised the requisite diligence. At best, Petitioner discovered the information about the plea offer in 2014, yet he did not file his second motion for relief from judgment until June 2015 –at least five months after the end of 2014. Thereafter, Petitioner pursued appeals to both the Michigan Court of Appeals and the Michigan Supreme Court, despite the clear language of MICH. CT. R. 6.502(G)(1), providing that "[a] defendant may not appeal the denial or rejection of a successive motion." *Id.* As a result, Petitioner did not file his petition in this Court until at least two years after he allegedly discovered the evidence and one-and-one-half years after the trial court denied the motion.

Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir.

---

[2]Arguably, any such discovery of evidence should be considered not as a basis for equitable tolling, but as a starting point for the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), which I analyze separately, *infra*.

2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner neither claims actual innocence nor presents new evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has failed to allege or demonstrate his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred under 28 U.S.C. § 2244(d)(1)(A).

### B. Calculation under § 2244(d)(1)(D)

Petitioner's habeas application must also be analyzed under § 2244(d)(1)(D). That section provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002).

Petitioner does not even attempt to demonstrate that he exercised diligence in discovering the basis of his claim. More than ten years passed after his first motion for relief from judgment was decided before he wrote the trial court and learned of a prior plea offer. He does not suggest that he was prevented from writing the court earlier or that he investigated in any other way

during the intervening years. In fact, Petitioner fails even to identify what question he asked or answer he received that led him to believe that he was not advised of a plea offer. Under these circumstances, Petitioner cannot show that he exercised due diligence in discovering the claim.

Moreover, even assuming that Petitioner exercised reasonable diligence in discovering the basis of his claim in 2014, as he represents, his pursuit of that claim was not diligent. Petitioner does not specify the date in 2014 on which he learned of the plea offer. Giving Petitioner the benefit of the doubt, the last date in 2014 on which he could have discovered his claim was December 31, 2014. Petitioner therefore had no longer than one year from December 31, 2014, in which to file his claim. His second motion for relief from judgment was filed, at the earliest, on June 1, 2015.[3]

The filing of the second motion for relief tolled the statute of limitations with 213 days remaining in the period of limitations. The statute remained tolled while the motion for relief from judgment remained "pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002). The trial court denied Petitioner's second motion for relief from judgment on June 26, 2015. Under MICH. CT. R. 6.502(G)(1), Petitioner was not permitted to appeal the trial court's decision to deny his second motion for relief from judgment. Because Petitioner's appeals were not properly filed under the rules, he is not entitled to tolling during their pendency. His post-conviction process therefore became final on the date the trial court denied his motion. As a consequence, Petitioner's

---

[3]Petitioner represents that he filed it in June 2015. I have given Petitioner the benefit of the earliest possible date in that month.

statute of limitations began to run again on June 27, 2015, and it expired on Tuesday, January 26, 2016. Petitioner did not file his habeas application until December 16, 2016, eleven months after the limitations period expired.

Having given Petitioner the benefit of the last possible date for accrual of his claim under § 2244(d)(1)(D), Petitioner is not also entitled to equitable tolling for the same reasons. As a consequence, Petitioner's habeas application is time-barred under § 2244(d)(1)(D).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Dated: January 23, 2017                              /s/ Phillip J. Green
                                                                                 Phillip J. Green
                                                                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).