UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY NELSON,

        Petitioner,

CASE NO. 1:16-CV-1455

v.

HON. ROBERT J. JONKER

SHERMAN CAMPBELL,

        Respondent.

_____/

**OPINION AND ORDER RE
REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 3) and Petitioner Nelson's Objection to the Report and Recommendation (ECF No. 4). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objection. The Court has also reviewed the entire record of the case.

Petitioner seeks habeas relief based on alleged violations of his Sixth and Fourteenth Amendment right to effective assistance of counsel. Specifically, Petitioner claims that "his trial lawyer failed to convey a plea deal to defendant prior to trial." (ECF No. 1, PageID.6). Petitioner wrote his trial judge sometime in 2014 with a general request for any information that might entitle him to post-conviction relief. *Id.* In response, the trial judge informed Petitioner of a plea deal that Petitioner alleges his defense counsel never disclosed to him. *Id.*

The Report and Recommendation recommends dismissing Nelson's petition on the basis that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) (1996), ("AEDPA") bars his claim because the exceptions set forth in Sections 2244(d)(1)(A) and (D) are inapplicable and Petitioner is not entitled to equitable tolling of his claim (ECF No. 3). Petitioner has made a timely *pro se* objection to the dismissal in quite general terms, arguing that equity counsels against dismissal of his claim (ECF No. 4).

The Court agrees with the Magistrate Judge that the exception delineated in Section 2244(d)(1)(A) does not help Petitioner. Under that provision, the one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 30, 2000. Petitioner did not seek review with the United States Supreme Court, and the ninety-day period in which Petitioner could have sought

review expired on January 29, 2001. Therefore, Petitioner had until January 29, 2002, in which to file his habeas application. Petitioner filed the instant petition on December 16, 2016. Accordingly, this Court agrees with the Magistrate Judge that Petitioner's claim is time-barred under Section 2244(d)(1)(A).[1]

In his *pro se* petition, however, Petitioner argues for equitable tolling to avoid the statute of limitations bar to his habeas petition. Petitioner claims he did not know the basis for his claim until 2014, when he discovered that his defense counsel failed to convey a plea offer to him prior to trial.

The Court credits Petitioner's objection on this point and respectfully disagrees with the Magistrate Judge's recommendation. Nelson's argument that his inability to obtain the information regarding the plea offer should equitably toll the statute of limitations falls under the exception in Section 2244(d)(1)(D) for belated discovery despite the exercise of due diligence. That provision states: "The limitations period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). To succeed under this exception, Nelson must establish that he exercised due diligence and that the evidence withheld "would have been controlling in the decision whether to plead." *United States v. Ross*, 245 F.3d 577, 584 n.1 (6th Cir. 2001) (quoting *Campbell v. Marshall*, 769 F.2d 314, 324 (6th Cir. 1985)). Additionally, a petitioner is entitled to equitable

---

[1]Petitioner's two postconviction motions and subsequent appeals filed from 2003-2005 and 2015-2016 did not toll the running of the statute of limitations to render his December 2016 petition timely because the statute of limitations expired on January 29, 2002, at which time there were no matters pending in state court that would toll the limitations period under Section 2244(d)(1)(A). Once the limitations period has expired, subsequent court proceedings do not retrigger it. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

tolling under this subsection "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

In this case, the fact that the trial judge, or anyone for that matter, failed to notify Nelson of the existence of the plea offer was certainly beyond his control. It is understandable that Nelson did not inquire concerning possible plea offers earlier because he had no reason to suspect any such offer existed; he had every reason to believe his defense counsel would convey information regarding the existence of such an offer to him prior to trial; and he reasonably believed that counsel assisting him throughout the post-conviction phase would investigate this issue and convey the results of the investigation to him. Yet, throughout this entire time period, no one informed Nelson regarding the existence of a plea offer or his defense counsel's failure to inform him about it.

Despite the lack of this information, Nelson, as a *pro se* imprisoned defendant, exercised diligence in seeking post-conviction relief. Petitioner filed two postconviction motions for relief from judgment, in 2003 and 2015. He appealed the trial courts' decisions in both of these motions to the Court of Appeals and the Michigan Supreme Court. Finally, on his own initiative, Nelson contacted the judge who presided over his trial in 2014–probably as last-resort–to obtain post-conviction relief.

Finally, the information ultimately obtained by Nelson would have been controlling in his decision whether to plead. After all, the evidence in this case was the existence of the plea offer itself, without which Nelson was unable to plead, and the existence of which would almost certainly have affected his decision on whether to go to trial.

These circumstances meet the requirements of *Sandvik* and *Campbell* such that Nelson was entitled to have the AEDPA limitations period equitably tolled until the date he received notice from his trial judge concerning the existence of a pre-trial plea offer. *See Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (prisoner entitled to equitable tolling of limitations period until date he received notice from state court where he exercised diligence in pursuing that notice); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that when prisoner diligently seeks information crucial to his case, the limitations period may be equitably tolled until he receives such information).

The next question is whether Nelson timely commenced suit. In the context of the AEDPA statute of limitations, petitioners have one year from the date of the discovery of the basis for his claim to commence suit. *Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). Petitioner does not specify the date in 2014 when he learned about the existence of the plea offer. Petitioner filed his second motion for relief from judgment based on ineffective assistance of counsel, at the earliest, on June 1, 2015. Accordingly, providing the Petitioner with the benefit of the doubt that he learned about the basis for his claim towards the end of 2014, Petitioner timely commenced suit in state court.

These state court proceedings tolled the statute of limitations period until the date of their conclusion. Under 18 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Rules

governing filings "usually prescribe . . . the form of the document, the time limits upon its delivery, the court and office in which it must lodged, and the requisite filing fee." *Id.* Importantly, however, "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id.*

As an initial matter, Nelson's filing of the second motion for relief and subsequent appeals were "properly filed." Although the state court of appeals and the Michigan Supreme Court both denied Petitioner leave to appeal the trial court's decision under MICH. CT. R. 6.502(G)(1),[2] this was a procedural bar and therefore has no bearing on whether Petitioner's claims were "properly filed" for purposes of AEDPA tolling. *See Artuz*, 531 U.S. at 8; *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars . . . which go to the ability to obtain relief."). Accordingly, Nelson's second motion for postconviction relief tolled the statute of limitations while the motion for relief remained "pending."

---

[2]The Court notes that Michigan case law is actually unclear on whether MICH. CT. R. 6.502(G)(1) prevents Petitioner from appealing the denial of his second motion for relief from judgment based on ineffective assistance of counsel. A petitioner may file a second or successive motion based on a claim of new evidence that was not discovered before the first such motion. MICH. CT. R. 6.502(G)(2). "Michigan courts have yet to indicate whether the term 'new evidence' in M.C.R. 6.502(G)(2) would include newly discovered evidence of ineffective assistance of counsel." *Banks v. Jackson*, No. 1-cv-73385, 2006 WL 2865142, at *6 (E.D. Mich. Oct. 5, 2006) (citing *Hudson v. Martin*, 68 F. Supp. 2d 798, 801 (E.D. Mich. 1999)). In fact, in the *Banks* case, "[p]etitioner's alleged newly discovered evidence [was] the existence of plea offers made prior to trial and his attorney's failure to communicate those offers." *Banks*, No. 1-cv-73385, 2006 WL 2865142, at *6. The court held that "Michigan courts might permit [p]etitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2) . . . ." *Id.*

The state court proceedings remained "pending" until September 29, 2016, when the Michigan Supreme Court denied leave to appeal Petitioner's second motion for relief from judgment. Petitioner filed the instant habeas application on December 16, 2016,[3] prior to the expiration of the limitations period. Accordingly, construing Petitioner's *pro se* allegations in his favor, Petitioner's habeas application is timely under Section 2244(d)(1)(D). *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**ACCORDINGLY, IT IS ORDERED**:

1. The Magistrate Judge's Report and Recommendation is adopted only to the extent consistent with this Order, and is rejected in all other respects.

2. The habeas case can proceed to the merits of the ineffective assistance claim based on alleged failure to convey a plea offer. Nothing in this Order makes any conclusive determination on the merits of the petition; it simply fails to find a basis on the present record for dismissal based on the statute of limitations.

**IT IS SO ORDERED**.

Dated:   March 13, 2017             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The Magistrate Judge sets the date on which the Michigan Supreme Court denied leave to appeal Petitioner's second motion for relief from judgment at September 29, 2015, but appears to have overlooked Petitioner's statement that the Michigan Supreme Court denied leave to appeal his second motion for relief from judgment on September 29, 2016. Petitioner's statement is confirmed by the date on the Supreme Court's order in that case. *See People v. Nelson*, No. 152568 (Mich. S. Ct. Sept. 29, 2016)