UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICKY NELSON,

    Petitioner,    Case No. 1:16-cv-1455

v.    Honorable Robert J. Jonker

SHERMAN CAMPBELL,

    Respondent.
_____/

## **OPINION**

   This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Respondent has filed an answer (ECF No. 8) along with the state-court record (ECF Nos. 9-1 to 9-21), pursuant to Rule 5, RULES GOVERNING § 2254 CASES. At initial screening of the Petitioner's habeas application under Rule 4, RULES GOVERNING § 2254 CASES, the magistrate judge recommended that the petition be dismissed as time-barred under 28 U.S.C. § 2244(d). (*See* Report & Recommendation (R&R), ECF No. 3.) However, after reviewing Petitioner's objections and allegations concerning newly discovered evidence and equitable tolling, the undersigned affirmed in part and rejected in part the recommendation (ECF No. 5), concluding that the statute of limitations did not bar the petition on the then-existing record, and ordered Respondent to answer the petition. Having now reviewed the entire record, the Court concludes that the petition must be denied, because it is barred by the statute of limitations.

**Discussion**

I. Factual allegations

Petitioner Ricky Nelson is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On January 19, 1999, a Kent County Circuit Court jury found Petitioner guilty of premeditated first-degree murder, MICH. COMP. LAWS § 750.316a. On March 4, 1999, the court imposed a sentence of mandatory life imprisonment.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising an issue not presented in this habeas petition. (Pet'r's Br. on Appeal, ECF No. 9-11, PageID.315.) In an unpublished opinion issued on May 26, 2000, the court of appeals rejected all appellate grounds and affirmed the conviction. (Mich. Ct. Appeals Op., ECF No.9-11, PageID.305-311.) Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same ground. (Pet'r's' Appl. for Leave to Appeal, ECF No. 9-12, PageID.370.) The supreme court denied leave to appeal on October 30, 2000. (Mich. Ord. ECF No. 9-12, PageID.368.)

On September 23, 2003, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising a number of claims of ineffective assistance of trial and appellate counsel not raised in Petitioner's habeas application. (Pet'r's First Mot. for Relief from J., ECF No. 9-13, PageID.463-465.) Petitioner filed a supplemental brief on October 8, 2003, raising additional arguments. (Pet'r's Suppl. Br. in Supp. of Mot. for Relief, ECF No. 9-14, PageID.684.) The trial court denied the motion on December 31, 2003. (Cir. Ct. Op. & Order, ECF No. 9-15, PageID.694-699.) Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on June 24, 2005, and

December 27, 2005, respectively. (*See* Mich. Ct. App. Order, ECF No. 9-16, PageID.700; Mich. Ord., ECF No. 9-17, PageID.793.)

In June 2015, Petitioner filed a second motion for relief from judgment based on newly discovered evidence that his trial attorney had received a plea offer but failed to convey that offer to Petitioner. (Pet'r's Second Mot. for Relief from J., ECF No. 9-18, PageID.845-858.) Petitioner argued that the factual basis for his motion was discovered only when he received a response to a letter he sent to the trial court in 2014. The judge's response indicated that a pretrial plea offer had been made to Petitioner. Petitioner claimed ineffective assistance of trial counsel in not conveying the offer and ineffective assistance of appellate counsel in failing to discover and raise the error. The trial court denied the motion on June 26, 2015. (June 26, 2015, Cir. Ct. Ord., ECF No. 9-19, PageID.869.)

Petitioner sought leave to appeal to the Michigan Court of Appeals. The court of appeals dismissed the appeal on October 21, 2015, for lack of jurisdiction, in accordance with Mich. Ct. R. 6.502(G)(1) (barring an appeal from the denial of a second motion for relief from judgment). (Mich. Ct. Appeals Ord., ECF No. 9-20, PageID.871.) Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on September 29, 2015, because an appeal was prohibited by Mich. Ct. R. 6.502(G). (Mich. Ord, ECF No. 9-21, PageID.907.)

On March 12, 2018, Petitioner filed his habeas corpus application in this Court. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on December 16, 2016. (Pet., ECF No. 1, PageID.11.) The petition was

received by the Court on December 22, 2016. For purposes of this Report and Recommendation, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). In his habeas application, Petitioner raises two grounds for relief: (1) ineffective assistance of trial counsel in failing to convey the plea offer; and (2) ineffective assistance of appellate counsel in failing to discover trial counsel's failure to convey the plea offer. (Pet., ECF No. 1, PageID.6-7.)

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### A. Calculation under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 30, 2000. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 29, 2001.

Petitioner had one year from January 29, 2001, or until January 29, 2002, in which to file his habeas application. Petitioner filed on December 16, 2016. Obviously, he filed more

5

than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2002, his collateral motions filed in 2003 and 2015 did not serve to revive the limitations period.

In its March 13, 2017, order partially adopting and partially rejecting the report and recommendation of the magistrate judge, this Court already has adopted the conclusions set forth in the instant opinion to this point. (*See* Op. & Order re Report & Recommendation, ECF No. 5, PageID.31-32.) However, the undersigned disagreed with the magistrate judge's recommendation regarding the next step of the analysis: whether equitable tolling renders the petition timely. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling

should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner argues in his petition that he should be entitled to equitable tolling because he did not discover the unconveyed plea offer until he received a response to a letter he sent to the trial court in 2014. The letter on which Petitioner relied was not available to the court at the time the petition was preliminarily reviewed. In conducting the initial review of the petition and construing Petitioner's allegations in his favor, this Court accepted Petitioner's representation that he could not have known of the pretrial plea offer until late 2014 or early 2015. Based on those favorably construed facts, the Court held that equitable tolling could render the petition timely filed. It therefore ordered Respondent to answer the petition and to submit the state-court record.

Respondent has now answered the petition and has filed the state-court record, including copies of the letter of the trial judge. The letter reads as follows:

> I have been retired for almost twelve years and so I do not remember every case I presided over. I think, however, I may remember yours. I believe this was the case in which you (if it was you) stabbed the victim repeatedly – my recollection is 38 times.
>
> If this is the right case, I recall an offer was made to let you plead guilty to 2nd degree murder with a 35 year minimum sentence. Mr. Beason objected to it. I do not know what if any discussion you had with Mr. Beason about it. Later, during the trial, you became upset by the testimony and told Mr. Beason – and possibly

7

> me – that you would do the 35 years but no plea was entered. I believe Mr. Beason
> still objected to it. I do not recall if the offer was still open.

(Jan. 9, 2015, Letter of Trial Judge, ECF No. 8-2, PageID.81; ECF No. 9-18, PageID.864.) As the letter makes clear, while the trial judge's letter informed Petitioner of the existence of a pretrial plea offer, it also expressly indicated that Petitioner was aware of the existence of that offer at least as of the time of the trial. Even if the plea offer was not conveyed to Petitioner until after the offer expired, Petitioner clearly was aware of the offer during the course of trial.

Moreover, in his affidavit in support of his second motion for relief from judgment in the trial court, Petitioner expressly averred that defense counsel whispered in his ear during trial to inform him of a plea deal under which he would plead guilty to second-degree murder, in exchange for a 35-year sentence. (Aff. in Supp. of Second Mot. for Relief from J., ECF No. 9-18, PageID.866.) Thus, Petitioner admitted to remembering that counsel told him of the proposed plea deal during trial. Petitioner also averred that he immediately requested that he be given the plea deal and that, if he had been made aware of the offer before trial, he would have accepted it. (*Id.*) Notwithstanding his averments about his own recollection of counsel's whispered conveyance of the plea offer during trial, Petitioner relies, not on his own recollection of events, but only on the recollection of the trial judge, to aver that trial counsel "objected" to the plea offer. (*Id.*) Nevertheless, by his admissions, Petitioner was aware of a plea offer that he was unable to accept at the time of trial.

Thus, it is apparent that Petitioner was well aware of a plea offer that he was prevented from considering and accepting as of the time for filing his direct appeal. As a result, both the letter from the trial judge and Petitioner's own affidavit demonstrate that Petitioner first became aware of the plea offer in 1999, not in 2015. Thus, Petitioner cannot demonstrate either

that an extraordinary circumstance stood in the way of his pursuing his claims arising out of the unconveyed plea offer or that he was diligent in pursuing those claims. *Holland*, 560 U.S. at 649.

Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner neither claims actual innocence nor presents new evidence that makes it more likely than not that no reasonable jury would have convicted him.

9

*Schlup*, 513 U.S. at 329. Because Petitioner has failed to allege or demonstrate his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

For all these reasons, Petitioner's habeas application is time-barred under 28 U.S.C. § 2244(d)(1)(A).

### B. Calculation under § 2244(d)(1)(D)

Petitioner's habeas application must also be analyzed under § 2244(d)(1)(D). That section provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x. 801, 804 (6th Cir. 2002).

For the same reasons that Petitioner is unable to demonstrate a basis for equitable tolling, he is unable to demonstrate that he meets the prerequisites of § 2244(d)(1)(D). Petitioner knew or should have known of the factual predicate of his claim during the course of trial in 1999. He expressly avers that he attempted to accept the offer during trial, but was unable to obtain it. He therefore was on notice both that an offer had been made and that he was not given a timely opportunity to accept it. Petitioner exercised no diligence in discovering the details of the offer or when that offer was first made. As a consequence, Petitioner's habeas application is time-barred under § 2244(d)(1)(D).

## Conclusion

In light of the foregoing, the Court will deny Petitioner's application because it is barred by the statute of limitations.

## Certificate of Appealability

Having concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

The Court has concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   March 26, 2018                    /s/ Robert J. Jonker
                                                               ROBERT J. JONKER
                                                               CHIEF UNITED STATES DISTRICT JUDGE